Jaryl L. Rencher - #4903
Benjamin K. Lusty-#12159
**RENCHER|ANJEWIERDEN**
460 South 400 East
Salt Lake City, Utah 84111
Telephone: (801) 961-1300
Facsimile: (801) 961-1311
*Attorney for the Defendants Scott Jacob MD.; Valley Obstetrics & Gynecology, P.C. dba Valley Women's Health,*

---

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

---

| | |
|---|---|
| SARA PARADA, individually, and as parent/guardian acting for and in behalf of D.P., a minor child; <br><br> Plaintiffs, <br><br> v. <br><br> DAVID PENNINGTON, M.D.; PENNINGTON MEDICAL CENTER PLLC dba PENNINGTON WOMEN'S CENTER; IHC HEALTH SERVICES, INC. dba UTAH VALLEY HOSPITAL; UNITED STATES OF AMERICA; SCOTT R JACOB, M.D.; VALLEY OBSTETRICS & GYNECOLOGY, P.C. dba VALLEY WOMEN'S HEALTH; SEAN J. HENDERSON D.O.; BRADLEY C. BURTON PA-C; GRANGER MEDICAL CLINIC, P.C. and DOES 1-X, <br><br> Respondents, | **MOTION FOR SUMMARY JUDGMENT OF:** <br><br> **SCOTT JACOB, MD.; VALLEY OBSTETRICS & GYNECOLOGY, P.C. dba VALLEY WOMEN'S HEALTH,** <br><br> Joinder in Jury Demand <br><br> Case No. 2:21-cv-00534-CMR <br><br> Judge: Romero |

---

Defendants Scott Jacob, M.D. ("Dr. Jacob), and Valley Obstetrics & Gynecology, P.C.

dba Valley Women's Health ("Valley") (collectively "Defendants") hereby move this court for

summary judgment.

**<u>Introduction and Requested Relief</u>**

This is a medical malpractice action. Plaintiffs allege that Defendants were negligent in their care Sarah at the time of her delivery of D.P., particularly with respect to the timing of a C-Section. Plaintiffs suggest that as a result of this alleged negligence, D.P. was born with brain damage which will affect him for the rest of his life. This Court should dismiss Plaintiffs' complaint with prejudice. The undisputed material facts demonstrate that Dr. Jacob and all providers at Valley OB/GYN complied with the standard of care, and no countervailing expert testimony can establish the contrary. Consequently, Plaintiffs cannot succeed in their cause of action against Defendants.

**<u>Background</u>**

Plaintiffs bring their claims against Defendants under this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367. According to their complaint, they allege that Defendants assumed care of Sara Parada ("Sara") on December 16, 2018. *See* ¶98 of Complaint, DKT. 2. Thereafter, Sara was admitted to Utah Valley Hospital on February 27, 2019 for delivery of D.P. *Id.* at ¶104. However, Plaintiffs allege that D.P. manifested abnormal fetal heart tracings that day, and that he should have been immediately delivered by C-Section. *Id.* at ¶106. Instead, delivery was not accomplished until eight hours later. *Id.* Plaintiffs allege this resulted in brain injury to D.P. as well as severe global development delay and cerebral palsy. *Id.* at ¶110.

However, as established below, when Dr. Jacob evaluated Sarah on February 27, 2019, the fetal heart tracings were normal. Further, delay of the C-Section was medically indicated due to Sara's last oral intake. These medical decisions (which are the only ones at issue in this case) were within the standard of care. As such, the Court should dismiss Plaintiffs' complaint against Defendants and grant summary judgment in their favor.

## Statement of Undisputed Material Facts

1. This case involves an allegation of malpractice against Defendants. *See* Complaint at ¶¶ 137-144. Plaintiffs allege that Defendants failed to properly monitor Sara and D.P., including failing to monitor fetal heart rate tracings and act earlier to conduct a C-Section delivery of D.P. *Id.*

### Background of Defendants, Dr. Jacob's qualifications as an expert witness

2. Defendant Valley Obstetrics and Gynecology, P.D. is a physicians' practice group. *See* Exhibit A. Declaration of Scott R. Jacob, M.D.

3. Dr. Jacob is a physician, duly licensed to practice medicine in the State of Utah. *Id.*

4. Dr. Jacob graduated from the University of Utah School of Medicine in 1996. Thereafter, he completed a residency in Obstetrics and Gynecology at Indiana University Hospitals in 2000. He is board certified by the American Board of Obstetrics and Gynecology and is a member of the American College of Obstetricians & Gynecologists. *Id.*

5. Dr. Jacob has practiced medicine for more than 22 years. *Id.* He has delivered thousands of children, and regularly performs C-Sections. *Id.* He is familiar with the standard of care for OB/GYNs managing deliveries of women similarly situated to Plaintiff Sara Parada. *Id.* In particular, he is skilled in analyzing fetal heart tracings, determining whether they warrant emergency surgery, and balancing the competing demands of a pregnancy for the medical benefit of a patient. *Id.*

6. Additionally, Dr. Jacob has reviewed all medical records relevant to his care of Sara Parada. *Id.*

7. Dr. Jacob is therefore qualified to opine as to what the standard of care requires of a similarly situated OB/GYN treating a patient like Sara Parada. Additionally, due to his

experience and background as a physician specializing in Obstetrics and Gynecology, he is skilled and competent in diagnosing and treating conditions which may affect pregnant women. *Id.*

**Treatment of Sara Parada**

8.  Valley assumed care of Sara Parada on December 16, 2018 and thereafter provided appropriate pre-natal and other medical care. *Id.*

9.  Consequently, these defendants did not breach the standard of care in any respect. *Id.*

## Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that a party may move for summary judgment, and that the "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.C.P. 56(a). When applying this standard, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1284 (10th Cir. 2010). An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party on the issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim or defense." *Nahno-Lopez* at 1284.

The moving party bears both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law. *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010). To meet this burden, the moving party "need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Id.* Summary judgment is not a disfavored procedural shortcut, but is designed to secure the just, speedy and inexpensive determination of every action. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

<u>Argument</u>

***There is no genuine dispute of fact that Defendants complied with the standard of care***

As established herein, Dr. Jacob and the providers at Valley complied with the standard of care in all respects in their treatment of Sara Parada. Consequently, Plaintiffs cannot prevail in their claim. Under Utah law (which applies), a plaintiff in a medical malpractice action must demonstrate—through expert testimony—a breach of the standard of care. Plaintiff, however, cannot dispute that Defendants complied with the standard of care. Accordingly, this Court should dismiss their complaint against Defendants, with prejudice.

When exercising supplemental jurisdiction over a state law claim, a federal court must apply state substantive law and federal procedural law. *Felder v. Casey*, 487 U.S. 131, 151-152, 108 S. Ct. 2302, 101 L.Ed. 2d 123 (1988).  Under Utah state law, a claim for medical malpractice requires a plaintiff to prove four elements: "(1) the standard of care by which the medical professional's conduct is to be measured, (2) breach of that standard by the medical professional, (3) injury that was proximately caused by the medical professional's negligence, and (4) damages." *Jensen v. IHC Hosps., Inc.*, 2003 UT 51, ¶96 (cleaned up, internal citations omitted). A failure to make a *prima facie* case on any of these elements requires dismissal.

As a general matter, expert testimony is required for a plaintiff to prove his or her medical malpractice action. "The expert-testimony requirement exists because most medical malpractice cases depend upon knowledge of the scientific effect of medicine. And so the standard of care and the causal link between the negligence and the injury are usually not within the common knowledge of the lay juror. Expert testimony thus ensures that factfinders have adequate knowledge upon which to base their decisions." *Ruiz v. Killebrew*, 2020 UT 6, ¶11

(cleaned up). This is to ensure that a jury or fact finder is not left to speculate. *Id.* Federal district courts in Utah have held that plaintiffs in medical malpractice actions must generally produce expert testimony. *Patel v. Cent. Utah Clinic., P.C.*, 2020 U.S. Dist. LEXIS 195496 (D. Utah 2020).

In the present case, Plaintiffs bear the burden of proof with respect to each element of their claim. To meet this burden, moreover, they require expert testimony. There is, however, no admissible evidence to support their claims. Plaintiffs have not designated expert witnesses, nor have they propounded any admissible testimony or affidavits that would provide such expert testimony. Indeed, the only admissible expert testimony on record are the declarations attached here. These demonstrate that Defendants complied with the standard of care. Without a showing of breach of the standard of care based upon expert testimony, the Plaintiffs simply cannot prevail. Consequently, Under Rule 56, this Court should grant summary judgment in Defendants' favor, and dismiss the case with prejudice. There is simply no genuine dispute of fact that Defendants complied with the standard of care.

## **Appendix of Evidence**

- Declaration of Scott Jacob, M.D.


DATED this 29 day of March, 2022.

**RENCHER ANJEWIERDEN**


/s/ Benjamin K. Lusty
Jaryl L. Rencher
Benjamin Lusty

**MAILING CERTIFICATE**

I hereby certify that on the 29th day of March, 2022 I caused a true and accurate copy of

the foregoing to be served via the court's electronic filing system on the following:

G. ERIC NIELSON (5327)
MARIANNE P. CARD (14953)
G. ERIC NIELSON & ASSOCIATES
4 790 South Holladay Boulevard
Salt Lake City, Utah 84117
Email: ericnielson@ericnielson.com
mariannecard@ericnielson.com
*Attorneys for Plaintiffs*

Andrea T. Martinez
Amanda A. Berndt
United States Attorney's Office
111 South Main Street, Suite 1800
Salt Lake City, UT 84111
Amanda.berndt@usdoj.gov

Robert G. Wright
Rafael Seminaro
111 E. Broadway, Suite 400
Salt Lake City, UT 84110
Rafael-Seminario@rbmn.com

Dave Ferrence
3920 South 1100 East, Suite 250
Millcreek, Utah 84124
dave@cwfhlaw.com

Steve Owens
James Egan
10 West 100 South, Suite 500
Salt Lake City, Utah 84101
jegan@eolawoffice.com

                                   /s/ Jane Ratcliffe
                             RENCHER|ANJEWIERDEN