IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SARA PARADA, individually and as parent/guardian acting for and on behalf of D.P., a minor;<br><br>Plaintiffs,<br>v.<br><br>DAVID PENNINGTON, M.D.; PENNINGTON MEDICAL CENTER P.L.L.C. dba PENNINGTON WOMEN'S CENTER; IHC HEALTH SERVICES, INC. dba UTAH VALLEY HOSPITAL; UNITED STATES OF AMERICA; SCOTT R. JACOB, M.D.; VALLEY OBSTETRICS & GYNECOLOGY, P.C. dba VALLEY WOMEN'S HEALTH; SEAN J. HENDERSON, D.O.; BRADLEY C. BURTON, PA-C; GRANGER MEDICAL CLINIC, P.C. and DOES 1-X<br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS SCOTT JACOB M.D. AND VALLEY WOMEN'S HEALTH'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:21-cv-534-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants, Scott Jacob, M.D. and Valley Obstetrics & Gynecology, P.C. dba Valley Women's Health's ("Valley Health") (collectively, "Defendants") Amended Motion for Summary Judgment ("Motion"). For the reasons discussed below, the Court grants the Motion.

I. BACKGROUND

This is a medical malpractice case against several entities and health care providers, including Dr. Jacob and Valley Health. According to Plaintiff, Sara Parada, Defendants and others were negligent in their treatment of her during her pregnancy, which resulted in her child, D.P., suffering a brain injury with global development delays and cerebral palsy.

1

Defendants filed a Motion for Summary Judgment and Memorandum in Support on March 9, 2022.[1] Subsequently, they filed the instant amended Motion on March 29, 2022.[2] Defendants assert that "Plaintiffs have not designated expert witnesses, nor have they propounded any admissible testimony or affidavits that would provide such expert testimony."[3] Ms. Parada filed a Response to the Motion on March 29, 2022, stating that she does not oppose granting Defendants' Motion.[4]

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[5] The moving party bears the burden of showing that there is no genuine dispute of material fact.[6] "When, as in this case, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'"[7] And "once the movant points out an absence of proof on an essential element of the nonmovant's case, the burden shifts to the nonmovant to provide evidence to the contrary."[8] In a summary judgment motion, the nonmoving party's non-opposition does not permit a district

---

[1] Docket No. 48.

[2] Docket No. 49.

[3] *Id*. at 6.

[4] Docket No. 50.

[5] Fed. R. Civ. P. 56(a).

[6] *Ortiz v. Norton*, 254 F.3d 889, 893 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[7] *Id.* (quoting *Adler*, 144 F.3d at 671); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1111 n. 5 (10th Cir. 1991) (citing *Celotex*, 477 U.S. at 322–23).

court to automatically grant the motion. Instead, the Court must examine "the moving party's submission to determine if it has met its initial burden of demonstrating no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."[9]

### III.     ANALYSIS

The Court must determine whether summary judgment is appropriate on Ms. Parada's medical malpractice claim against Defendants. In Utah, a medical malpractice claim requires the claimant to prove,

> (1) the standard of care required of physicians under similar circumstances practicing in the same field or specialty, (2) that the applicable standard of care was breached, (3) that the injury to the plaintiff was proximately caused by the defendant's negligence, and (4) that damages occurred as a result of defendant's breach of duty.[10]

The claimant is generally required to produce an expert witness to establish standard of care.[11] Summary judgment is appropriate when the plaintiff fails to produce expert testimony showing there is an issue of fact regarding negligence or proximate cause.[12]

Defendants argue Ms. Parada has not designated such an expert witness, nor has she provided expert testimony or affidavits to support her claim that they breached standard of care. Ms. Parada did not provide the Court with any expert witness testimony or affidavits regarding standard of care, breach, or causation as it pertains to Dr. Jacob and Valley Health's conduct. Therefore, Defendants are entitled to summary judgment.

---

[9] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

[10] *Dalley v. Utah Valley Reg'l Med. Ctr.*, 791 P.2d 193, 195 (Utah 1990) (internal citations omitted).

[11] *Id.* at 195–96.

[12] *De Adder v. Intermountain Healthcare, Inc.*, 2013 UT App 173, ¶ 10, 308 P.3d 543 (quoting *Butterfield v. Okubo*, 831 P.2d 97, 102 (Utah 1992)).

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Amended Motion for Summary Judgment (Docket No. 49) is GRANTED. DATED this 4th day of April, 2022.

BY THE COURT:

_____
TED STEWART
United States District Judge