STEPHEN W. OWENS - #6957
JAMES T. EGAN - #15479
NOURIN N. ABOURAHMA - #17647
**EPPERSON & OWENS, P.C.**
10 West 100 South, Suite 500
Salt Lake City, Utah 84101
Tel: (801) 983-9800
Fax: (801) 983-9808
sowens@eolawoffice.com
jegan@eolawoffice.com
nabourahma@eolawoffice.com
*Attorneys for Defendants Sean J. Henderson, D.O.,*
*Bradley C. Burton, PA-C, and Granger Medical Clinic, P.C.*

---

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

---

| | |
|---|---|
| SARA PARADA, individually, and as parent/guardian acting for and on behalf of D.P., a minor child, | ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) ) |
| DAVID PENNINGTON, M.D.; PENNINGTON MEDICAL CENTER PLLC dba PENNINGTON WOMEN'S CENTER; IHC HEALTH SERVICES, INC. dba UTAH VALLEY HOSPITAL; IHC HEALTH SERVICES, INC. dba INTERMOUNTAIN MEDICAL GROUP; UNITED STATES OF AMERICA; SCOTT R. JACOB, M.D.; VALLEY OBSTETRICS & GYNECOLOGY, P.C. dba VALLEY WOMEN'S HEALTH; SEAN J. HENDERSON, D.O.; BRADLEY C. BURTON, PA-C; GRANGER MEDICAL CLINIC, P.C.; and DOES I-X, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) ) |

**MOTION FOR SUMMARY JUDGMENT FOR DEFENDANTS**

   **(1) SEAN J. HENDERSON, D.O.;**

   **(2) BRADLEY C. BURTON, PA-C; AND**

   **(3) GRANGER MEDICAL CLINIC, P.C.**

Case No. 2:21-cv-00534-CMR

Judge Ted Stewart
Magistrate Judge Jared C. Bennett

---

Defendants Sean J. Henderson, D.O., Bradley C. Burton, PA-C, and Granger Medical Clinic, P.C. (hereafter referred to as "these Defendants"), by and through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby file this Motion for Summary Judgment for these Defendants.

## INTRODUCTION AND REQUESTED RELIEF

This is a medical malpractice action against several health care providers. Plaintiffs allege that the Defendants were negligent in their medical care of Sara Parada and her unborn child, D.P. Plaintiffs asserts that this alleged negligence caused Ms. Parada and D.P. injuries.

The deposition testimony of Defendant Sean Henderson, D.O provides competent medical expert testimony that the care of these moving Defendants complied fully with the applicable standard of care and that nothing they did contributed to any harm to Sara Parada or D.P. This expert opinion evidence is not disputed. No countervailing expert testimony has established the contrary. Consequently, Plaintiff cannot succeed in her claims against these Defendants, and the Court should thus grant these Defendants' motion for summary judgment.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff's Complaint has one cause of action against these Defendants for "Negligence – Health Care Malpractice." The Complaint alleges that these Defendants negligently cared for Ms. Parada and D.P. Document 2 in Court file, Complaint at ¶¶145-151.

2. The deposition of Defendant Sean Henderson, D.O., was taken on April 12, 2022. All parties were represented at this deposition.

3. Dr. Henderson stated, under oath, in part, as follows:

      A.      He is a physician with specialty training in Urology. He is board-certified

in that specialty.

       B.      During the care at issue, he supervised his Physician Assistant, Defendant Bradley Burton, PA-C. Dr. Henderson was responsible for Mr. Burton's care.

       C.      Both Dr. Henderson and Mr. Burton were employees of Defendant Granger Medical Clinic, P.C.

       D.      Based upon his background, education, training, and experience, Dr. Henderson and Mr. Burton fully complied with the appropriate standard of care in their care and treatment of Plaintiffs, and that they did not cause Plaintiffs' asserted injuries/damages.

(Deposition transcript has not yet been produced, and thus no citation is provided).

       4.      After conducting certain discovery, Plaintiffs do not have an expert witness who will testify that these Defendants breached their appropriate standard of care or caused the Plaintiffs' claimed injuries/damages.

## APPLICABLE LEGAL STANDARDS

The applicable legal standard for summary judgment motions is set out in Rule 56 of the Federal Rules of Civil Procedure. Under this rule and the caselaw applying it, summary judgment is appropriate when there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Herland v. Izatt*, 2015 UT 30 ¶ 9. This Court should view the facts and indulge reasonable inferences in the light most favorable to Plaintiff, the nonmoving party. *Fitzgerald v. Spearhead Invs., LLC*, 2021 UT 34 ¶ 11.

In medical malpractice cases such as this one, plaintiffs must demonstrate (1) the standard of care required of physicians under similar circumstances practicing in the same

specialty as the defendant physician, (2) the defendant physician breached that standard, (3) the defendant's breach proximately caused injury to the plaintiff, and (4) the plaintiff suffered damages. *Jensen v. IHC Hosps., Inc.*, 2003 UT 51 ¶ 96. The evidence for these claims must be supported by expert testimony. *Dalley v. Utah Valley Regional Medical Ctr.*, 791 P.2d 193, 195-196 (Utah 1990). Expert testimony is required "because most medical malpractice cases depend upon knowledge of the scientific effect of medicine . . . [and] the causal link between the negligence and the injury are usually not within the common knowledge of the lay juror. Expert testimony thus ensures that factfinders have adequate knowledge upon which to base their decisions." *Ruiz v. Killebrew*, 2020 UT 6 ¶ 11 (internal citations omitted).

## ARGUMENT

**THE COURT SHOULD GRANT THIS MOTION BECAUSE THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT THAT THE MOVING DEFENDANTS' MEDICAL CARE MET THE APPROPRIATE STANDARD OF CARE AND THAT THEY DID NOT CAUSE PLAINTIFFS' CLAIMED DAMAGES.**

The undisputed facts are that these Defendants appropriately cared for Ms. Parada and her unborn child. That medical expert testimony, given under oath, is not disputed by a countering expert. Plaintiffs have not produced an expert witness, affidavits, or evidence, to dispute this testimony.

Because Plaintiffs do not have an expert witness who will testify concerning the standard of care applicable to these Defendants in this case, that they breached the standard, and that this breach proximately caused Plaintiffs' alleged damages, these Defendants are entitled to judgment as a matter of law. Plaintiff cannot maintain her allegations against these Defendants without such testimony.

## CONCLUSION

For the foregoing reasons, these Defendants request that this Court grant their Motion for

Summary Judgment.

DATED this __19th__ day of April, 2022.

**EPPERSON & OWENS, P.C.**


/s/ Stephen W. Owens
STEPHEN W. OWENS
JAMES T. EGAN
NOURIN N. ABOURAHMA
*Attorneys for Defendants Sean J. Henderson, D.O.,*
*Bradley C. Burton, PA-C, and Granger Medical Clinic,*
*P.C.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing **MOTION FOR SUMMARY JUDGMENT FOR DEFENDANTS (1) SEAN J. HENDERSON, D.O., (2) BRADLEY C. BURTON, PA-C; AND (3) GRANGER MEDICAL CLINIC, P.C.** was served via the Court's e-filing service, and by e-mail transmission, on this <u>19</u>th day of April, 2022, to the following:

G. Eric Nielson
Marianne P. Card
**G. ERIC NIELSON & ASSOCIATES**
4790 South Holladay Blvd.
Salt Lake City, Utah 84117
ericnielson@ericnielson.com
mariannecard@ericnielson.com
*Attorneys for Plaintiffs*

Robert G. Wright
Rafael A. Seminario
**RICHARDS BRANDT**
**MILLER & NELSON**
111 East Broadway, Suite 400
P.O. Box 2465
Salt Lake City, UT 84110-2465
Robert-Wright@rbmn.com
Rafael-Seminario@rbmn.com
*Attorneys for Defendants IHC Health Services, Inc. dba Utah Valley Hospital; and IHC Health Services, Inc. dba Intermountain Medical Group*

J. Dave Ference
Derek J. Williams
**CAMPBELL, WILLIAMS, FERENCE & HALL**
3920 South 1100 East, Suite 250
Millcreek, UT 84124
dave@cwfhlaw.com
derek@cwfhlaw.com
*Attorneys for Defendants David Pennington, M.D.; and Pennington Medical Center PLLC dba Pennington Women's Center*

Amanda Berndt
Jeffrey E. Nelson
**US ATTORNEY'S OFFICE**
111 South Main, Suite 1800
Salt Lake City, UT  84111
*Attorneys for Defendant United States of America*
Amanda.Berndt@usdoj.gov
Jeff.Nelson@usdoj.gov

_____
/s/ Dawne Adamson

G:\SWO\Parada v. Henderson-Granger\PLEADINGS\US District - #2-21-cv-00534-CMR\MSJ - Henderson, Granger, Burton.doc