ROBERT G. WRIGHT [5363]
RAFAEL A. SEMINARIO [10250]
SEAN B. LEONARD [16638]
RICHARDS BRANDT MILLER NELSON
111 East Broadway, Suite 400
P.O. Box 2465
Salt Lake City, Utah 84110-2465
robert-wright@rbmn.com
rafael-seminario@rbmn.com
sean-leonard@rbmn.com
Telephone:  (801) 531-2000
Fax:  (801) 532-5506

*Attorneys for Defendants IHC Health Services, Inc. dba Utah Valley Hospital; and IHC Health
Services, Inc. dba Intermountain Medical Group*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **Sara Parada**, individually, and as parent/guardian acting for and in behalf of **D.P.**, a minor child,<br><br>     Plaintiff,<br>vs.<br><br>**David Pennington, M.D.; Pennington Medical Center PLLC dba Pennington Women's Center; IHC Health Services, Inc. dba Utah Valley Hospital; IHC Health Services, Inc. dba Intermountain Medical Group; United States of America; Scott R. Jacob, M.D.; Valley Obstetrics & Gynecology, P.C. dba Valley Women's Health; Sean J. Henderson, D.O.; Bradley C. Burton, PA-C; Granger Medical Clinic, P.C.;** and Does I-X,<br><br>     Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADING AND CROSSCLAIM**<br><br><br>Case No. 2:21-cv-00534-TS-JCB<br><br>Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

Defendants IHC Health Services, Inc. dba Utah Valley Hospital and IHC Health Services, Inc. dba Intermountain Medical Group ("**IHC**"), by and through counsel Robert Wright, Rafael Seminario, and Sean Leonard of RICHARDS BRANDT MILLER NELSON, and pursuant to and DUCivR 7-1, hereby submit this Reply Memorandum in support of their Motion for Leave to File Amended Pleading and Crossclaim ("**Motion to Amend**")[1],[2] .

## **REPLY ARGUMENT**

IHC respectfully requests that this Court grant its Motion to Amend because the Motion is timely, justified, without bad faith or dilatory motive, not unduly prejudicial, and not futile.

"[A] party may amend its pleading with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Liberality is to be exercised in allowing amendments of pleadings to achieve the ends of justice. *See Gillespie v. United States Steel Corp.*, 379 U.S. 148, 85 S. Ct. 308, 313, 13 L. Ed. 2d 199 (1964). When deciding whether to grant leave to amend, courts apply a factor test and "may deny leave to amend only for reasons such as undue delay, bad faith, or dilatory motive . . . undue prejudice to the opposing party . . . or futility of the amendment. *See Rains v. Westminster Coll.*, No. 2:20-CV-00520, 2022 WL 1224977 (D. Utah Apr. 26, 2022) (cleaned up).

---

[1] The Pennington Defendants (David Pennington, M.D.; Pennington Medical Center, P.L.L.C. dba Pennington Women's Center) and the Urology Defendants (Sean J. Henderson, D.O.; Bradley C. Burton, PA-C; and Granger Medical Clinic, P.C.) each filed their responses to IHC's Motion to Amend on September 8, 2022. *See* ECF Nos. 74-75. For ease of reference in this brief, Pennington Defendants are referred to as "**Pennington**," Urology Defendants are referred to as "**Granger**," and Pennington and Granger are collectively referred to as "**Co-Defendants**."

[2] Pursuant to DUCivR 15-1, a redlined version of the proposed amended pleading, comparing it with the original pleading, is included here as Exhibit A.

### 1. IHC's Motion to Amend is Timely and Justified

Pennington says that IHC's motion should be denied because IHC gave "no adequate explanation for the delay" in filing the Motion to Amend. Pennington Opposition at 4. To justify their position, Pennington cites *Stone v. Simone*, 610 F. App'x 751 (10th Cir. 2015) (applying Wyoming law). There, a plaintiff sought to amend a complaint ten months after its original filing and "offered no explanation whatsoever for his delay in filing the motion to amend." *Id*. at 754-55.

The instant case differs from *Stone v. Simone* for at least two reasons. First, IHC is not a plaintiff repositioning a complaint against defendants. Rather, it is a defendant reserving standing to potentially apportion fault to co-defendants. Second, IHC did in fact offer a clear and adequate reason for the delayed attempt to crossclaim.[3] As explained in the Motion to Amend, apportionment of fault was not a critical issue until Co-Defendants filed motions for summary judgment on August 24, 2022. *See* ECF Nos. 62, 63. Only then did a crossclaim become absolutely necessary in the interests of justice.

Co-Defendants helpfully cite numerous federal cases acknowledging IHC's position that "joint tortfeasor Co-Defendants [must] raise cross-claims against each other in the underlying tort action **or** else such claims may be lost. Cross-claims for apportionment are mandatory." *Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Queen Carpet Corp.*, 5 F. Supp. 2d 1246, 1250 (D. Utah 1998) (quoting *National Serv. Indus. v. B.W. Norton*

---

[3] Consistent with spelling in Rule 13 of the Federal Rules of Civil Procedure, "crossclaim" is only hyphenated in this brief when required for accuracy in a quotation.

*Mfg. Co.*, 937 P.2d 551, 556 (Utah App. 1997) *abrogated on other grounds by Bylsma v. R.C.*

*Willey*, 2017 UT 85, 416 P.3d 595 (hereinafter "***National Service Industries***")).

When the court in *National Service Industries* said that "[c]ross-claims for apportionment are

mandatory," it did not necessarily mean *mandatory at the outset of litigation*. There, the court

reasoned that:

> By declaring apportionment claims mandatory in the underlying tort action, we
> do not mean that tortfeasor Co-Defendants must file cross-claims to have the
> other's fault determined in every case. Under the Act, the trier of fact must take
> other tortfeasor's culpability into consideration when making any damages
> awards, even if a cross-claim is not or could not be filed.
> …
>
> However, if the trial court rules as a matter of law that a codefendant bears no
> liability, then the fact-finder does not consider that party when apportioning
> fault. In circumstances such as here—**where one codefendant moves for
> summary judgment against the plaintiff on the basis that it bears no
> liability—any other defendant must file an apportionment cross-claim in
> order to have standing to oppose the other codefendant's motion**.

*National Service Industries* at n.2. (cleaned up) (emphasis added).

Co-Defendants attempt to downplay this critical legal point by saying "it is highly unlikely"

that courts intended to promote the filing of crossclaims after motions for summary judgment

have been filed, and that "[t]here is good reason to believe" that courts "intended the cross-claim

to . . . be in place prior to the filing of another defendant's motion for summary judgment." *See*

Pennington Brief at n.4.

Since Co-Defendants feel free to speculate about the court's intentions, IHC counter-asserts

that it is also "highly unlikely" that courts intended every case with Co-Defendants to turn into a

no-holds-barred crossclaim shootout from the outset of litigation. IHC also has "good reason to

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADING AND
CROSSCLAIM

believe" that while it might have been tactically permissible to have filed the crossclaim earlier, it was not procedurally required, nor did the facts necessarily call for such an action until it became apparent that Co-Defendants might be dismissed from the case before apportionment could be addressed.

"[T]he logic of *National Services* is rooted in the essential principles of standing . . . and has been repeatedly affirmed by this Court[.]" *Howeth v. Aramark Corp.*, No. 2:10-CV-221 TS, CM/ECF Doc. 115 at 6, n.17 (D. Utah June 14, 2011) (unpublished) (citing *Milne v. USA Cycling Inc.*, 489 F. Supp. 2d, 1283, 1285 n.3 (D. Utah 2007) (allowing co-defendant to oppose another co-defendant's motion for summary judgment because a crossclaim had been filed)).

A Utah federal district court case, *Berrios-Bones v. Nexidix*, illustrates why IHC's Motion to Amend is justified for the purpose of preserving standing to apportion fault. No. 2:07CV193DAK, 2007 WL 3231549 (D. Utah Oct. 30, 2007). There, a defendant in an investment and real estate fraud action asserted a crossclaim against all other defendants. *Id*. One of the co-defendants attempted to dismiss the crossclaim, contending that defendant did not have enough facts to state a legal claim. *Id*. The court reasoned that the "purpose for defendant's cross-claim is merely to preserve an apportionment of fault defense against other co-defendants. In order to preserve such apportionment of fault against other co-defendants, a cross-claim is required." *Id*. The court then referenced *National Service Industries* and concluded that:

> [Defendants'] cross-claim is merely a **procedural necessity** required to preserve all defenses of apportionment of fault against other co-defendants in this case. Like the parties in National Service, if the co-defendants are successful in being dismissed from this case, defendant is required to have filed a cross-claim in order to attempt to apportion any appropriate fault to the [defendant] . . . Accordingly, the cross-claim is not improper [or] inappropriate . . . All that [defendant] needs to

– 5 –

> demonstrate is that the other defendants may be at fault as well. The allegations of
> the complaint demonstrate a factual basis for that allegation."

*Id.* (emphasis added).

In other words, *National Service Industries* and its progeny, such as *Berrios-Bones,* explain why IHC can and should be able to add a crossclaim. As mentioned in *National Service Industries*, Co-Defendants have "move[d] for summary judgment against the plaintiff on the basis that it bears no liability" and "any other defendant [namely IHC] must file an apportionment cross-claim in order to have standing to oppose the other codefendant's motion." And as in *Berrios*, the allegations in the pleadings [plus any supportive evidence gathered prior to the November 1, 2022, close of fact discovery] demonstrate a sufficient "factual basis" for showing that the "other defendants may be at fault as well."

To repeat—IHC is not seeking to amend a complaint so it can assert new causes of action or new allegations against any party. In fact, it does not assert any causes of action against Co-Defendants. IHC merely seeks to preserve the jury's right to apportion fault to those Co-Defendants, and mandatory case law indicates that adding a crossclaim to IHC's answer is the way to accomplish this.

## 2. IHC Has Not Displayed Bad Faith or Dilatory Motive

In suggesting that IHC had a dilatory motive, Co-Defendants strangely cite a case from Virginia featuring a pro se plaintiff filing two separate motions to amend his complaint with two additional causes of action in the week prior to the close of fact discovery. *See* Pennington Brief at 8, citing *Agbaje v. Hargrave Mil. Acad.*, 328 F. Supp. 3d 539, 544 (W.D. Va. 2018). The *Agbaje* plaintiff was "disinterested in his case until the last minute." *Id.* at 545.

The *Agbaje* case differs from this case for at least four reasons. First, IHC is a co-defendant—it is not a plaintiff. Second, IHC is represented by competent counsel—it is not pro se. Third, IHC is filing a single motion to amend its answer by adding a crossclaim to preserve standing—it is not filing two separate motions to amend a complaint with additional causes of action. And fourth, IHC is seeking leave to amend over two months before the close of fact discovery—it is not seeking leave to amend during the "waning hours of discovery," which in *Agbaje* was <u>one day</u> before the close of fact discovery.

Other cases cited by Pennington suffer from similar flaws. *See* Pennington Brief at 9. Each case refers to plaintiffs making last-ditch attempts to salvage their cases by amending their complaints with new allegations and causes of action. Here, IHC simply requests to timely preserve standing for apportionment to Co-Defendants by the only procedural means recognized by mandatory case law.

### 3.  The Motion to Amend is Not Unduly Prejudicial

In contending that the Motion to Amend is unduly prejudicial, Pennington points out that for over a year, all defendants have "operated under the belief that they were on the same 'side' of the case[.]" Pennington Brief at 10.

That was and still is true. All co-defendants are still on the same "side" of the case--positioned across from the plaintiff. Now Co-Defendants, with the consent of Plaintiff, wish to drop out and leave IHC as the only remaining Defendant for all potential liability. This could unjustly impact IHC, especially where so many factual allegations point toward Co-Defendants' involvement in the case.

IHC should have the right, without pressing any direct claims against Co-Defendants, to point out to a jury the extent to which Co-Defendants played a role in the case. And the jury should have the opportunity to apportion fault accordingly. To prematurely grant summary judgment and dismiss Co-Defendants from the case would deprive IHC and the jury of that opportunity.

Given that all parties have had a full year to develop their cases, and IHC is not proposing any new causes of action against Co-Defendants, the established scheduling order may still be adequate. If not, this Court may still timely address any concern.

Motions to amend are to be granted liberally in the interests of justice, not denied stingily in the interest of strict adherence to a rigid timetable despite intervening developments. Granting IHC's Motion to Amend would merely leave Co-Defendants in the same position they were on August 23, 2022—one day before they filed their motions for summary judgment. Being restored to their position of four weeks ago is not unduly prejudicial.

### 4. The Motion to Amend is Not Futile

Granger asserts that IHC's proposed amendment would be futile based on a 1960 Utah Supreme Court opinion, *Dupler v. Yates,* 10 Utah 2d 251, 351 P.2d 624 (1960), addressing claims for "alleged fraud and deceit and breach of a fiduciary relationship." *Id.* at 626; Granger Brief at 11.

Here, as discussed above, the Motion to Amend is not futile because mandatory authority allows Co-Defendants in a negligence action to amend pleadings and assert crossclaims against

each other to preserve standing for apportioning fault. This Court has the power to grant IHC's Motion to Amend.

## **CONCLUSION**

For the reasons stated herein, and in the Motion to Amend, IHC respectfully requests the Court to grant its Motion to Amend.

Dated this 22nd day of September, 2022.

RICHARDS BRANDT MILLER NELSON

/s/  Rafael A. Seminario
Robert G. Wright
Rafael A. Seminario
Sean B. Leonard
Attorneys for Defendants IHC Health Services, Inc. dba Utah Valley Hospital; and IHC Health Services, Inc. dba Intermountain Medical Group

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADING AND CROSSCLAIM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of September, 2022, I served the foregoing **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADING AND CROSSCLAIM** on the persons identified below as indicated:

G. Eric Nielson   ☐   U.S. Mail – Postage Prepaid
Marianne P. Card   ☐   Hand Delivery
G. ERIC NIELSON & ASSOCIATES   ☑   Electronic Filing
4790 South Holladay Blvd.   ☐   Email
Salt Lake City, UT 84117
ericnielson@ericnielson.com
mariannecard@ericnielson.com
dawnr@ericnielson.com
*Attorneys for Plaintiff*

Stephen W. Owens   ☐   U.S. Mail – Postage Prepaid
James T. Egan   ☐   Hand Delivery
Nourin N. Abourahma   ☑   Electronic Filing
EPPERSON & OWENS, P.C.   ☐   Email
10 West 100 South, Suite 500
Salt Lake City, UT  84101
sowens@eolawoffice.com
jegan@eolawoffice.com
nabourahma@eolawoffice.com
jhampton@eolawoffice.com
*Attorneys for Defendants Sean J. Henderson, DO, Bradley C. Burton, PA-C, and Granger Medical Clinic, PC*

Jaryl L. Rencher   ☐   U.S. Mail – Postage Prepaid
Benjamin K. Lusty   ☐   Hand Delivery
RENCHER ANJEWIERDEN   ☑   Electronic Filing
460 South 400 East   ☐   Email
Salt Lake City, UT 84111
jaryl@lawfirmra.com
ben@lawfirmra.com
*Attorneys for Defendants Scott Jacob, MD and Valley Obstetrics & Gynecology, PC dba Valley Women's Health*

– 10 –

| Dave Ference | ☐ | U.S. Mail – Postage Prepaid |
| Derek Williams | ☐ | Hand Delivery |
| Jacob Nelson | ☑ | Electronic Filing |
| CAMPBELL, WILLIAMS, FERENCE & HALL | ☐ | Email |

3920 South 1100 East #250
Millcreek, UT 84124
dave@cwfhlaw.com
derek@cwfhlaw.com
jacob@cwfhlaw.com
nbowcutt@cwfhlaw.com
*Attorneys for Defendants David Pennington,*
*MD and Pennington Medical Center, PLLC*
*dba Pennington Woman's Center*

| Andrea T. Martinez, Acting US Attorney | ☐ | U.S. Mail – Postage Prepaid |
| Jeffrey E. Nelson | ☐ | Hand Delivery |
| Amanda A. Berndt | ☑ | Electronic Filing |
| Attorneys for the United States of America | ☐ | Email |

111 South Main Street, Suite 1800
Salt Lake City, UT 84111
Jeff.nelson@usdoj.gov
Amanda.berndt@usdoj.gov
*Attorneys for Defendant United States of*
*America*

/s/ Rafael A. Seminario
_____

G:\EDSI\DOCS\09355\1660\1DV1176.DOCX

– 11 –

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADING AND
CROSSCLAIM