IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SARA PARADA, individually and as parent/guardian acting for and on behalf of D.P., a minor;<br><br>       Plaintiffs,<br>v.<br><br>DAVID PENNINGTON, M.D.; PENNINGTON MEDICAL CENTER P.L.L.C. dba PENNINGTON WOMEN'S CENTER; IHC HEALTH SERVICES INC. dba UTAH VALLEY HOSPITAL; UNITED STATES OF AMERICA; SCOTT R. JACOB, M.D.; VALLEY OBSTETRICS & GYNECOLOGY, P.C. dba VALLEY WOMEN'S HEALTH; SEAN J. HENDERSON, D.O.; BRADLEY C. BURTON, PA-C; GRANGER MEDICAL CLINIC, P.C. and DOES I-X<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S DECISION AND GRANTING PLAINTIFFS' MOTION TO FILE MEMORANDUM<br><br>Case No. 2:21-CV-534 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

  This matter is before the Court on Attorney G. Eric Nielson's ("Petitioner") Objection to the Magistrate Judge's Decision[1] and Plaintiffs' Motion for Leave to File Memorandum in Opposition to Defendants' David Pennington, M.D. and Pennington Medical Center, PLLC ("Pennington Defendants") Motion for Summary Judgment.[2] For the reasons discussed below, the Court will overrule Petitioner's Objection and grant Plaintiffs' Motion.

---

[1] Docket No. 117.

[2] Docket No. 108.

1

A. OBJECTION TO MAGISTRATE JUDGE'S DECISION

Under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, the Court reviews a magistrate judge's orders on nondispositive matters under a clearly erroneous or contrary to law standard. In reviewing a magistrate judge's nondispositive order, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[3] "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[4] In other words, "[t]o be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish."[5]

The Court has carefully reviewed the Magistrate Judge's Order, Petitioner's Objection, the underlying briefing, and the relevant statutes and case law. Having done so, the Court cannot conclude that the Magistrate Judge's decision regarding the Petition for Appointment of Guardian ad Litem was clearly erroneous or contrary to law. As such, the Court will overrule the Objection.

B. PLAINTIFFS' MOTION

After hiring new counsel, Plaintiffs moved the Court to allow leave to file an opposition to the Pennington Defendants' previously unopposed Motion for Summary Judgment which was filed on August 24, 2022.[6] On the same day, Defendants Sean J. Henderson, D.O., Bradley C.

---

[3] Fed. R. Civ. P. 72(a).

[4] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[5] *Piraino v. Int'l Orientation Res., Inc.*, 137 F.3d 987, 989 (7th Cir. 1998) (first alteration in original) (citation omitted).

[6] Docket No. 62.

Burton, PA-C, and Granger Medical Clinic, P.C. ("Granger Defendants") also filed an unopposed Motion for Summary Judgment.[7] Under Fed. R. Civ. P. 6(b)(1)(B), a court may grant a filing extension for good cause "after the time has expired if the party failed to act because of excusable neglect." Excusable neglect requires both good faith by the party seeking enlargement and a reasonable basis for not complying within the specified time period.[8] In determining whether the neglect is excusable the court must take into account the following factors: "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[9]

    There is excusable neglect here. Defendants will not suffer prejudice as the Court has not yet ruled on the Motion for Summary Judgment, nor will the length of delay significantly impact judicial proceedings. Plaintiffs' counsel also acted in good faith by requesting the extension soon after being retained. As such, there is good cause to grant the Motion. Plaintiffs may file a new response to the Pennington Defendants' Motion for Summary Judgment within twenty-eight (28) days of this Order and the Pennington Defendants may file a reply within fourteen (14) days after the response. Additionally, the Court will allow Plaintiffs leave to file a response to Granger Defendants' Motion for Summary Judgment for the same reasons as set forth above.

---

[7] Docket No. 63.

[8] *In re Four Seasons Sec. Laws Litig. v. Bank of America*, 493 F.2d 1288, 1290 (10th Cir. 1974).

[9] *Pioneer Inv. Servs. Co. v. Brunkswick Assocs. Ltd.*, 507 U.S. 380, 388 (1993).

It is therefore

ORDERED that Petitioner's Objection (Docket No. 117) is OVERRULED and Plaintiffs' Motion (Docket No. 108) is GRANTED.

DATED this 6th day of February, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge