Matthew Barlow (AZ Bar #032016)
(*Pro Hac Vice*)
**THE BARLOW LAW FIRM, LLC**
HC 65 Box 537
Fredonia, Arizona 86022
Telephone: 928-857-7500
Email: matt@barlowlawgroup.com

Benjamin Ruesch (UT Bar #12646)
(*Local Counsel*)
**RUESCH & REEVE, PLLC**
86 N. 3400 W., Bldg. C Ste. 101
Hurricane, Utah 84737
Telephone: (435) 635-7737
Email: ben@RRlegal.com

*Attorneys for Plaintiff*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SARA PARADA, individually and as parent/guardian acting for and on behalf of D.P., a minor child;<br><br>   Plaintiff,<br><br>vs.<br><br>DAVID PENNINGTON, M.D.; PENNINGTON MEDICAL CENTER, PLLC, d/b/a PENNINGTON WOMEN'S CENTER; IHC HEALTH SERVICES, INC. d/b/a UTAH VALLEY HOSPITAL; IHC HEALTH SERVICES, INC. d/b/a INTERMOUNTAIN MEDICAL GROUP; UNITED STATES OF AMERICA; SCOTT R. JACOB, M.D.; VALLEY OBSTETRICS & GYNECOLOGY, P.C., d/b/a VALLEY WOMEN'S HEALTH; SEAN J. HENDERSON, D.O.; BRADLEY C. BURTON, PA-C; GRANGER MEDICAL CLINIC, P.C.; and DOES I through X.<br><br>   Defendants. | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS SEAN HENDERSON, BRADLEY BURTON, AND GRANGER MEDICAL CLINIC'S MOTION FOR SUMMARY JUDGMENT**<br><br><br>Case No. **2:21-cv-00534-TS-JCB**<br><br>Honorable Judge: **Ted Stewart** |

Plaintiff, Sara Parada, individually and as parent/guardian acting for and on behalf of D.P., by and through her undersigned counsel, hereby respectfully submits her Memorandum in Opposition to Defendants' Sean J. Henderson, D.O., Bradley C. Burton, PA-C, and Granger Medical Clinic, PC ("Granger Defendants"), Motion for Summary Judgment, that was filed with the Court on August 24, 2022 (ECF No. 63).  This memorandum is submitted in accordance with the Court Order entered on February 6, 2023, (ECF No. 134) that allowed Plaintiff to file a delayed response to the Granger Defendants' motion for summary judgment.

## INTRODUCTION

The Court should deny the Granger Defendants' motion for summary judgment because Plaintiff's designation of its expert witnesses are not due until September 14, 2023. (*See* ECF No. 133) The Granger Defendants filed their motion based on Plaintiff's alleged failure to designate her burden of proof expert(s) approximately a year before such designation was due.

The Granger Defendants' motion should also be denied because their motion was solely based upon the treating physicians' standard of care. As of the date of this filing, the Granger Defendants' have not designated Sean J. Henderson, D.O. or Bradley C. Burton, PA-C as expert witnesses that will testify as to the appropriate standard of care in this case.  For the foregoing reasons, the Granger Defendants' motion for summary judgment should be denied.

## RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

3.C.    *Based upon his background, education, training, and experience, Dr. Henderson and Mr. Burton fully complied with the appropriate standard of care in their care and treatment of the Plaintiff, and that they did not cause Plaintiff's asserted injuries/damages.*

RESPONSE: Disputed. Dr. Henderson and Mr. Burton are only listed as possible fact witnesses in this case.  The Granger Defendants have not designated Dr. Henderson or Mr. Burton as experts that will testify as to the appropriate standard of care and treatment of the Plaintiffs, and therefore, cannot opine as to whether their care and treatment did not cause Plaintiffs' injuries/damages.  (*See* Granger Defendants' Initial Disclosures ¶ I.3, attached hereto as Exhibit 1)

4.      *Defendant Bradley C. Burton, PA-C (Physician Assistant-Certified), was deposed on August 19, 2022.  He similarly testified that he was an employee of Defendant Granger Medical Clinic, PC, and that he fully complied with the relevant standard of care in his treatment of Plaintiff Sara Parada. He denied that his care caused Plaintiffs any harm or damages.*

RESPONSE: Disputed. Similarly, to the response to paragraph 3.C., Bradley C. Burton, PA-C is listed as a potential fact witness. However, the Granger Defendants have not designated Bradley C. Burton, PA-C as an expert that will testify as to the appropriate standard of care in his treatment of Sara Parada. Therefore, Bradley C. Burton, PA-C, cannot opine as to whether his care caused Plaintiffs any harm or damages.  *Id*.

5.      *After conducting certain discovery, Plaintiffs do not have an expert witness who will testify that these Defendants breached their appropriate standard of care or caused the Plaintiffs' claimed injuries/damages.*

RESPONSE: Disputed. The current Amended Scheduling Order provides that Plaintiffs designated experts are not due until September 14, 2023. (*See* ECF No. 133) Therefore, any claim that Plaintiff does not have an expert witness that will testify as to the appropriate standard of care is premature.

In light of the above, the Plaintiff moves the Court for an Order denying the Granger Defendants' Motion for Summary Judgment.

## ARGUMENT

**1. The Granger Defendants' motion for summary judgment should be denied because Plaintiff's burden to designate her expert witnesses is not due until September 14, 2023, in accordance with the Court's Amended Scheduling Order.**

The Granger Defendants' motion for summary judgement should be denied for several reasons. This is a medical malpractice case alleging negligence and the breach of the standard of care while the Plaintiffs were under the treatment and care of the Defendants in this case.

"Ordinarily, the issue of breach of a legal duty is a factual question for the jury." *Solorio ex rel. Solorio v. United States*, 228 F. Supp. 2d 1280, 1284 (D. Utah 2002), (citing *Kitchen v. Cal Gas Company, Inc.*, 821 P.2d 458, 461 (Utah Ct.App.1991)).  "Therefore, summary judgment is generally improper and only in clear-cut cases, with the exercise of great caution, should a court take the issue of negligence from the province of the jury." *Id*. (Quotations omitted).  Although Rule 56 does not require that discovery be complete, Rule 56(e) does provide safeguards for premature motions for summary judgment.

"If a party fails to properly . . . address another party's assertion of fact as required by Rule 56(c), the court may give an opportunity to properly support or address the fact." Fed. R. Civ. P. 56.

Here, Plaintiff's opportunity is clearly given in the current Amended Scheduling Order which provides that Plaintiff's expert designation is not due until September 14, 2023.  Since the asserted issue on summary judgment is the appropriate standard of care, that assertion requires an expert that has been designated as such under Rule 26(a)(2).  The only way a court could grant defendants' motion

in this circumstance would be after the due date and upon the plaintiff's failure to designate an expert witness.

Under the circumstances here in the present case, the Granger Defendants' motion for summary judgment must be denied or in the alternative, allow the Plaintiff additional time to designate her expert witnesses.  Since the above-mentioned safeguard is already in place, allowing the Plaintiff until September 14, 2023, to designate her expert witnesses under Rule 26(a)(2), the motion must be denied.  If the Plaintiff fails to designate her expert after September 14, 2023, the Granger Defendants then can renew its motion at that time.

> **2.  The Granger Defendants motion for summary judgment should be denied because they did not designate Dr. Henderson or Mr. Burton as an expert witness under Rule 26(a)(2), and therefore failed to meet its burden under Rule 56 as the moving party.**

In addition, the Granger Defendants' motion should also be denied because they failed to meet their burden under Rule 56 as the moving party.

"Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "A movant who bears the burden at trial must submit evidence to establish the essential elements of its claim or affirmative defense." *Harper v. Mancos Sch. Dist. RE-6*, 837 F. Supp. 2d 1211, 1217 (D. Colo. 2011).

"Typically, the standard of care and the defendant's breach of that standard must be established through expert testimony." *Pete v. Youngblood*, 2006 UT App 303, ¶ 20, 141 P.3d 629, 636.

When "the treating physician also offers an opinion as to the standard of care or whether that standard has been breached, the testimony is no longer simply factual." *Id.* at 634.  At this point, "the

treating physician . . . steps into the shoes of a retained expert," and must be disclosed as an expert under Rule 26(a)(2). *Id*. at 635.

Here, the Granger Defendants offered Dr. Henderson's deposition transcripts as testimony to both the standard of care of urologists and that of certified physician assistants.  The Granger Defendants also offered the deposition transcripts as testimony as to whether that standard was breached, causation and the subsequent injuries or damages.  At this juncture of litigation, the Granger Defendants have only named Dr. Henderson and Mr. Burton as fact witnesses under Rule 26(a)(1).  If the Granger Defendants chooses Dr. Henderson or Mr. Burton to offer an opinion as to the standard of care, breach, causation and damages, then the Granger Defendants must designate them as expert witnesses in accordance with Rule 26(a)(2).

The only evidence offered by the Granger Defendants in support of its motion for summary judgement was the deposition testimony of Dr. Henderson as to the standard of care.  This evidence under Rule 56 should be stricken because Dr. Henderson has been only identified as a fact witness and not an expert that can opine as to the standard of care.

The Granger Defendants listed Dr. Henderson and Mr. Burton as fact witnesses that likely have discoverable information supporting its defenses. If the Granger Defendants attempt to assert evidence, by affidavit or otherwise, under Rule 702 as to the appropriate standard of care, the Granger Defendants must designate the declarants as experts under Rule 26(a)(2).   Therefore, as the moving party, the Granger Defendants have failed to meet its burden under Rule 56.

## **CONCLUSION**

For the forgoing reasons, Plaintiff respectfully requests this Court to enter an Order denying the Granger Defendants' Motion for Summary Judgment.

DATED this 5th day of March, 2023

Respectfully Submitted
**THE BARLOW LAW FIRM, LLC**

/s/ Matt Barlow
Matthew Barlow

**RUESCH & REEVE, PLLC**

/s/ Ben Ruesch
Benjamin Ruesch

## CERTIFICATE OF SERVICE

I hereby certify that on March 5th, 2023, I electronically transmitted the foregoing

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS SEAN HENDERSON,**

**BRADLEY BURTON, AND GRANGER MEDICAL CLINIC'S MOTION FOR SUMMARY**

**JUDGMENT** to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of

Electronic filing to the following CM/ECF registrants:

J. Dave Ference
Derek J. Williams
Jacob Nelson
CAMPBELL, WILLIAMS, FERENCE & HALL
3920 South 1100 East, Suite 250
Millcreek, Utah 84124
Tel: (801) 466-4266
dave@cwfhlaw.com
derek@cwfhlaw.com
jacobnelson@cwfhlaw.com
*Attorneys for Defendants David Pennington, M.D. and Pennington Medical center PLLC d/b/a*
*Pennington Women's Center*

Robert G. Wright
Rafael A. Seminario
Sean B. Leonard
RICHARDS BRANDT
111 East Broadway, Suite 400
P.O. Box 2465
Salt Lake City, Utah 84110-2465
Tel: (801) 531-2000
robert-wright@rbmn.com
rafael-seminario@rbmn.com
sean-leonard@rbmn.com
*Attorneys for Defendants IHC Health Services, Inc. d/b/a Utah Valley Hospital; and IHC Health Services, Inc. d/b/a Intermountain Medical Group*

Andrea T. Martinez
Jeffrey E. Nelson
Amanda A. Berndt
ATTORNEYS FOR THE UNITED STATES OF AMERICA
111 South Main Street, Suite 1800
Salt Lake City, UT 84111
Jeff.nelson@usdoj.gov
Amanda.berndt@usdoj.gov
*Attorneys for Defendant United States of America*

Stephen W. Owens
James T. Egan
Nourin N. Abourahma
EPPERSON & OWENS, P.C.
10 West 100 South, Suite 500
Salt Lake City, UT 84101
Tel: (801) 983-9800
sowens@eolawoffice.com
jegan@eolawoffice.com
nabourahma@eolawoffice.com
jhampton@eolawoffice.com
*Attorneys for Defendants Sean J. Henderson, D.O., Bradley C. Burton, PA-C, and Granger Medical Clinic, PC*

/s/ Matt Barlow
Matthew I. Barlow