IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SARA PARADA, individually and as parent/guardian acting for and on behalf of D.P., a minor;<br><br>Plaintiffs,<br>v.<br><br>DAVID PENNINGTON, M.D.; PENNINGTON MEDICAL CENTER P.L.L.C. dba PENNINGTON WOMEN'S CENTER; IHC HEALTH SERVICES INC. dba UTAH VALLEY HOSPITAL; UNITED STATES OF AMERICA; SCOTT R. JACOB, M.D.; VALLEY OBSTETRICS & GYNECOLOGY, P.C. dba VALLEY WOMEN'S HEALTH; SEAN J. HENDERSON, D.O.; BRADLEY C. BURTON, PAC-C; GRANGER MEDICAL CLINIC, P.C. and DOES I-X<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-CV-534 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

This matter is before the Court on a Motion for Summary Judgment filed by Defendants Sean J. Henderson, D.O.; Bradley C. Burton, PA-C; and Granger Medical Clinic, P.C. (the "Granger Defendants") and a Motion for Leave to File Amended Pleading filed by Defendants IHC Health Services, Inc. dba Utah Valley Hospital; and IHC Health Services, Inc. dba Intermountain Medical Group (the "IHC Defendants"). The Court will deny both Motions without prejudice.

1

The Granger Defendants seek entry of judgment, arguing that Plaintiffs have failed to produce an expert witness, as is required under Utah law in most medical malpractice cases.[1] In their response to the Granger Defendants' Motion, Plaintiffs point out that the deadline for them to disclose experts is September 14, 2023.[2] Plaintiffs argue that the Granger Defendants' Motion is premature and can be renewed after September 14, 2023, should they fail to designate an expert at the appropriate time.

The Court agrees that the Granger Defendants' Motion is premature, and it will be denied. In Reply, the Granger Defendants contend that Plaintiffs stipulated to entry of summary judgment by their earlier non-opposition. However, non-opposition is not the same as a stipulation. Further, the Court previously found good cause and excusable neglect to allow Plaintiffs to file an opposition out-of-time, something the Granger Defendants do not sufficiently address. Based on this, the Court will deny the Granger Defendants' Motion without prejudice.

Also before the Court is the IHC Defendants' Motion for Leave to File Amended Pleading. In that Motion, the IHC Defendants seek leave to file an amended pleading to allocate fault as against David Pennington, M.D.; Pennington Medical Center PLLC dba Pennington Women's Center (the "Pennington Defendants") and the Granger Defendants. The IHC Defendants' Motion was premised on the notion that summary judgment would be entered in favor of the Pennington Defendants and the Granger Defendants. Since that time, the Pennington Defendants have withdrawn their motion for summary judgment[3] and the Granger Defendants'

---

[1] *Bowman v. Kalm*, 2008 UT 9, ¶ 7, 179 P.3d 754 ("There is a general requirement in medical malpractice cases that the element of proximate cause be supported by expert testimony.").

[2] Docket No. 133.

[3] Docket No. 139.

Motion is denied herein. As a result, the Court will deny the IHC Defendants' Motion without prejudice. Should summary judgment be entered against these Defendants at a later time, the IHC Defendants may renew their Motion.

It is therefore

ORDERED that the Granger Defendants' Motion for Summary Judgment and the IHC Defendants' Motion for Leave to File Amended Pleading (Docket Nos. 63 and 66) are DENIED WITHOUT PREJUDICE.

DATED this 28th day of March, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge