IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SARA PARADA, individually and as parent/guardian acting for and on behalf of D.P., a minor child,<br><br>           Plaintiff,<br><br>v.<br><br>DAVID PENNINGTON, M.D., *et al.*,<br><br>           Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT UNITED STATES' MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:21-cv-00534-TS-JCB<br><br>Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

This matter comes before the Court on Defendant United States' Motion for Summary Judgment.[1] For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

The following facts are generally not disputed. In September 2021, Plaintiff filed this case individually and on behalf of her minor child, against several entities and health care providers, alleging negligence in their care and treatment of Plaintiff during her pregnancy, resulting in her child, D.P., suffering a brain injury with global developmental delays and cerebral palsy.[2] After subsequent litigation, the only remaining Defendants in this matter are Dr. David Pennington M.D., Pennington Medical Center PLLC, and the United States of America. Defendant United States now brings this Motion for Summary Judgment.

Plaintiff sues the United States pursuant to the Federal Tort Claims Act ("FTCA") because Mountainlands Community Health Center ("Mountainlands") in Provo, Utah, where

---

[1] Docket No. 185.

[2] Docket No. 2.

Plaintiff received medical treatment during her pregnancy, is a federally qualified health center, whose employees qualify for coverage under the FTCA.[3] The Complaint claims that the United States is liable for the acts and omissions of its agents, including, Mountainlands Community Health Center, Dr. Bruce Grover, M.D., and Kelly Daly-Wolfe, PA-C.[4]

In August 2018, Plaintiff learned she was pregnant after being administered a pregnancy test at Mountainlands.[5] Thereafter, Plaintiff returned on September 10, 2018, for treatment of vaginal itching and burning.[6] She was treated by Physician's Assistant ("PA") Haley Parker, who concluded that Plaintiff's symptoms were consistent with a vaginal infection.[7] Parker ordered follow-up testing and prescribed medications for treatment of the condition and also ordered an "HCG" test to determine how far along Plaintiff was in her pregnancy.[8]

Thereafter, beginning in October 2018, Plaintiff began prenatal care with Defendant Dr. Pennington.[9] After several visits with Dr. Pennington, Plaintiff returned to Mountainlands on November 29, 2018, for an appointment with PA Kelly Daly-Wolfe complaining of vaginal itching and discharge and right side pain in her abdomen.[10]

Defendant contends that Daly-Wolfe was reluctant to treat Plaintiff because she was seeing Dr. Pennington.[11] Daly-Wolfe agreed to treat Plaintiff when she stated she only wanted

---

[3] Docket No. 185.

[4] Docket No. 2 ¶ 135.

[5] Docket No. 185 ¶ 1.

[6] *Id.* ¶ 2.

[7] *Id.*

[8] *Id.*

[9] *Id.* ¶ 4.

[10] *Id.* ¶ 7.

[11] *Id.* ¶ 5.

care for a condition that predated her pregnancy and she was not satisfied with her doctor's treatment of that condition.[12] Daly-Wolfe recommended that Plaintiff discontinue creams and products she had been using to treat her vaginal itching.[13] Daly-Wolfe concluded that the right side pain was most likely a musculoskeletal condition and not related to her gall-bladder or kidney stones.[14] Daly-Wolfe recommended, however, that Plaintiff follow up with Dr. Pennington to determine whether a CT scan was appropriate to assess for kidney stones because of the risk that the radiation from a scan poses to a fetus.[15]

Plaintiff disputes the characterization of this appointment.[16] She asserts that Daly-Wolfe failed to properly evaluate Plaintiff's symptoms and "dismissed critical warning signs that required further investigation."[17] She also asserts that Daly-Wolfe had a duty to initiate proper diagnostic procedures, including the CT scan, and failure to do so contributed to the progression of her medical condition.[18]

Five days later, on December 4, 2018, Plaintiff followed up with Dr. Pennington.[19] On December 13, 2018, Plaintiff went to the emergency department at Utah Valley Hospital because she began to feel ill.[20] There, she was diagnosed with sepsis and was treated in the Intensive

---

[12] *Id.*

[13] *Id.* ¶ 6.

[14] *Id.* ¶ 7.

[15] *Id.* ¶ 8.

[16] Docket No. 186, at 3.

[17] *Id.*

[18] *Id.* at 4.

[19] Docket No. 185 ¶ 9.

[20] *Id.* ¶ 10.

Care Unit. Plaintiff gave birth to D.P. on February 27, 2019.[21] D.P. was born with a brain injury that has seriously impaired his cognitive and physical development.[22] Plaintiff asserts that D.P.'s brain injury was caused by Defendants' negligent care.[23]

The United States filed the present Motion for Summary Judgment asserting that Plaintiff has failed to support her claim against it through expert testimony that a federal employee failed to meet the applicable medical standard of care and caused or contributed to Plaintiff's alleged damages. Plaintiff responded in part that the Motion was premature because her expert, Dr. Sarah Pachtman, had not been deposed. Prior to Defendant's Reply, Dr. Pachtman was deposed, and Defendant attached part of her deposition to its Reply. Plaintiff then moved for leave to file a surreply which the Court granted. Having fully reviewed the parties' briefing and finding that oral argument would not be materially helpful,[24] the Court now rules on Defendant's Motion for Summary Judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[25] The moving party bears the burden of showing that there is no genuine dispute of material fact.[26] [27] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could

---

[21] *Id.*

[22] *Id.* ¶ 11.

[23] *Id.*

[24] DUCivR 7-1(g).

[25] Fed. R. Civ. P. 56(a).

[26] *Ortiz v. Norton*, 254 F.3d 889, 893 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[27] Fed. R. Civ. P. 56(a).

return a verdict for the nonmoving party in the face of all the evidence presented.[28] "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."[29] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[30]

"When, as in this case, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'"[31] And "once the movant points out an absence of proof on an essential element of the nonmovant's case, the burden shifts to the nonmovant to provide evidence to the contrary."[32]

## III. DISCUSSION

In Utah, a medical malpractice claim requires the claimant to prove,

(1) the standard of care required of physicians under similar circumstances practicing in the same field or specialty, (2) that the applicable standard of care was breached, (3) that the injury to the plaintiff was proximately caused by the defendant's negligence, and (4) that damages occurred as a result of defendant's breach of duty.[33]

---

[28] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[29] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[30] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[31] *Ortiz v. Norton*, 254 F.3d 889, 893 (10th Cir. 2001) (quoting *Adler*, 144 F.3d at 671); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[32] *Hall v. Bellmon*, 935 F.2d 1106, 1111 n.5 (10th Cir. 1991) (citing *Celotex*, 477 U.S. at 322–23).

[33] *Dalley v. Utah Valley Reg'l Med. Ctr.*, 791 P.2d 193, 195 (Utah 1990) (internal citations omitted).

"Utah law generally requires the claimant to produce an expert witness to establish the first three elements of a medical malpractice claim."[34] "[T]o establish proximate cause, the plaintiff is required to produce an expert witness who is acquainted with the standards of care in the same or a similar field as the defendant."[35] Furthermore, "[b]ecause of the complex issues involved in a determination of proximate cause in a medical malpractice case, the plaintiff must provide expert testimony establishing that the health care provider's negligence proximately caused plaintiff's injury."[36]

Thus, to withstand summary judgment Plaintiff "must produce expert testimony that [Defendant's] negligence proximately caused [Plaintiffs'] injury."[37] In her report, Dr. Pachtman opines that "Dr. Pennington failed to properly form and evaluate a differential diagnosis and conduct the necessary testing to determine the cause of Ms. Sara Parada's right-sided pain that was disclosed to him during multiple prenatal visits."[38] Plaintiff argues that Dr. Pachtman's report "addresses the failure of Defendant's medical providers specializing in obstetrical care to recognize the seriousness of Ms. Parada's symptoms, take appropriate diagnostic steps, and ensure that she received necessary medical intervention."[39] However, Dr. Pachtman does not opine as to Mountainlands, Dr. Bruce Grover, or PA Daly-Wolfe's treatment of Plaintiff in either her report or during her subsequent deposition testimony.

---

[34] *Patel v. Central Utah Clinic, P.C.*, 2020 WL 6149914, at *2 (D. Utah Oct. 20, 2020) (citation omitted).

[35] *Kent v. Pioneer Valley Hosp.*, 930 P.2d 904, 906 (Utah Ct. App. 1997) (citation omitted).

[36] *Id.* (citation omitted).

[37] *Ruiz v. Killebrew*, 2020 UT 6, ¶ 13, 459 P.3d 1005.

[38] Docket No. 186-4, at 7.

[39] Docket No. 186, at 7.

Plaintiff argues that, because Defendant failed to ask any questions during Dr. Pachtman's deposition, this improperly shifts the burden to Plaintiff to anticipate and preemptively rebut questions that were never posed. The Court does not find this argument persuasive. Defendant's Motion was filed in advance of Dr. Pachtman's deposition; and review of the deposition reflects testimony that mirrors her report in that she only opines as to Dr. Pennington's treatment and care of Plaintiff. Furthermore, as Defendant points out, Dr. Pachtman was given the opportunity to express any other opinions and bases for such at the end of her deposition, to which she declined and neither Defendant's or Plaintiff's counsel asked her any questions.

"When the proximate cause of an injury is left to speculation, the claim fails as a matter of law."[40] Here, Plaintiff presents no evidence supporting that Dr. Bruce Grover, PA Daly-Wolfe, or any other provider at Mountainlands treatment of Plaintiff was the proximate cause of D.P.'s injuries. Accordingly, the Court will grant summary judgment in favor of Defendant.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant United States' Motion for Summary Judgment (Docket No. 185) is GRANTED.

DATED March 23, 2026.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[40] *Clark v. Farmers Ins. Exch.*, 893 P.2d 598, 601 (Utah App. 1995) (quoting *Mitchell v. Pearson Enters.*, 697 P.2d 240, 246 (Utah 1985)).

7