IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SARA PARADA, individually and as parent/guardian acting for and on behalf of D.P., a minor child,<br><br>               Plaintiff,<br>v.<br><br>DAVID PENNINGTON, M.D., *et al.*,<br><br>               Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANTS' JOINT MOTION TO EXCLUDE EXPERT OPINIONS RE: FUTURE CARE, DEFENDANTS' JOINT MOTION TO EXCLUDE UNRELIABLE CAUSATION OPINIONS, AND DEFENDANTS' JOINT MOTION TO SUPPLEMENT THE RECORD<br><br>Case No. 2:21-cv-00534-TS-JCB<br><br>Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

This matter is before the Court on Defendants' Joint Motion to Exclude Expert Opinions Re: Future Care,[1] Joint Motion to Exclude Unreliable Causation Opinions,[2] and Joint Motion to Supplement the Record on the Motion to Exclude Expert Opinions Re: Future Care and for Further Relief.[3] For the reasons discussed below, the Court will deny Defendants' Motion to Exclude Expert Opinions Re: Future Care, grant Defendants' Motion to Exclude Unreliable Causation Opinions, and grant in part and deny in part Defendants' Motion to Supplement the Record on the Motion to Exclude Experts.

---

[1] Docket No. 195.

[2] Docket No. 196.

[3] Docket No. 206.

## I. BACKGROUND

Plaintiff sues Defendants for negligence claims related to the medical care and treatment she received during her pregnancy, allegedly resulting in her child, D.P., suffering a brain injury with global developmental delays and cerebral palsy. After subsequent litigation the remaining Defendants are Dr. David Pennington, M.D. and Pennington Medical Center PLLC. Defendants[4] filed three motions in succession concerning Plaintiff's experts. The first is a Joint Motion to Exclude Expert Opinions Re: Future Care that seeks to exclude undisclosed information regarding past care expenses and future care expenses. The second is a Joint Motion to Exclude Unreliable Causation Opinions that seeks to exclude causation opinions of Plaintiff's expert Dr. Sarah Pachtman. The third is a Joint Motion to Supplement the Record on the Motion to Exclude Expert Opinions Re: Future Care and for Further Relief that provides information about Plaintiff's supplemental disclosures related to the first Motion. The Court will address the motions regarding future care opinions before turning to the motion concerning causation.

## II. DISCUSSION

### A. Future Care Opinions

Plaintiff designated pediatrician Dr. Kristi Bagnell, M.D., life-care planner Dan Bagwell, and economist Tyler Bowles, PhD. as experts on damages in this case. The life care plan that Dr. Bagnell contributed to and Mr. Bagwell created was disclosed on June 17, 2022.[5] Dr. Bowles' expert report relies on the life care plan to offer opinions as to the cost of future medical and life care costs.[6] In the initial Motion, Defendants complain that these opinions are unreliable as they

---

[4] Defendant United States also joined in the three Motions, however, the Court has since entered summary judgment in its favor.

[5] Docket No. 195, at 3.

[6] Docket No. 195-4.

rely on medical records from March 2022, more than three years ago.[7] Defendants asserted in their initial Motion that Plaintiff has failed to provide an updated list of treatment providers even after Defendants requested such information multiple times.

Defendants assert in the initial Motion that Plaintiff failed to comply with the requirements under Federal Rule of Civil Procedure 26(e)(2) and that without updated information, including treatment providers, the life care plan and future care opinion are outdated and therefore unreliable. Defendants argue they are unfairly prejudiced and as such the information should be excluded or, in the alternative, the Court should reopen fact discovery.

Two months later, Defendants filed a Motion to Supplement the Record on the Motion to Exclude. There, they updated the Court that Plaintiff served second, third, and fourth supplemental disclosures identifying seven additional treating facilities, 19 new treating providers, additional past medical expenses, an updated life care plan, and two updates to Plaintiff's economic report.[8] Defendants argue that these "late disclosures" should be excluded, or, in the alternative, the Court should reopen fact and expert discovery "to allow Defendants a full and fair opportunity to defend the action."[9] The Court will grant the Motion in part, insofar as it will allow Defendants to supplement the record. The Court will address the substance of the Motion and the initial Motion below.

The Court will first address whether the supplemental disclosures regarding future care should be excluded. Rule 26(e) requires that supplemental disclosures be made "in a timely manner." Additionally, for an expert, "any additions or changes to [the expert's report or

---

[7] Docket No. 195, at 3.

[8] Docket No. 206, at 2.

[9] *Id.* at 3.

information given during the expert's deposition] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."[10] Rule 26(a)(3), in turn, requires that disclosures be made at least 30 days before trial, unless the Court orders otherwise.

Defendants contend that some of the records are from March 2022 and January 2025, but that they have not seen the remaining medical records. Plaintiff asserts that the disclosures were made when the relevant information was obtained.[11] Based on the limited information before the Court and Plaintiff's contention, the Court cannot conclude the supplemental disclosures were untimely. Nevertheless, even if the Court were to conclude that the disclosures were untimely, Defendants do not demonstrate that any delay was not substantially justified or harmless.

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." The Court has broad discretion in making this determination and considers the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[12]

In considering these factors, the Court finds that they weigh against exclusion. Defendants first argue that they are prejudiced because D.P.'s current mental and physical developments are unknown and unable to be assessed; they argue that Plaintiff only has access to

---

[10] Fed. R. Civ. P. 26(e)(2).

[11] Docket No. 208, at 5.

[12] *Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

the newly disclosed providers.[13] Plaintiff asserts that although additional providers are identified in the supplemental disclosures, "there has been no substantial change in diagnosis or prognosis of D.P.'s condition."[14]

In *Jama v. City & County of Denver*,[15] on which both parties rely, the federal district court of Colorado found prejudice due to nullification of a summary judgment motion and delay in resolution.[16] Defendants cite to the court's statement that if "re-opening discovery would be an appropriate remedy, the delay and expense associated with such additional proceedings . . . represents a form of prejudice."[17] The Court does not find that the prejudice suffered by the defendants in *Jama* is akin to the case here. There is no evidence that the disclosures here affected a summary judgment motion or delayed resolution in this matter. Further, the Court will not reopen discovery as discussed below, but will allow Defendants the opportunity to make a more tailored request for additional discovery, which would alleviate any prejudice.

Additionally, the Court does not find that the disclosures were a surprise to Defendants. In medical malpractice cases involving future care expenses, such disclosures are foreseeable.

Next, there is no trial scheduled and the Court does not find that the supplemental disclosures will disrupt such or cause significant disruption to resolution in this matter. Finally, Defendants do not argue, and the Court does not find that Plaintiff acted in bad faith or willfully.

---

[13] Docket No. 206, at 7.

[14] Docket No. 208, at 5.

[15] 304 F.R.D. 289 (D. Colo. 2014).

[16] *Id.* at 300–01.

[17] *Id.* at 301.

Defendants assert in their initial Motion that under Federal Rule of Evidence 702, the non-updated life care plan is unreliable because it relies on outdated information.[18] Based on the supplemental disclosures and the above discussion, this argument is moot and the Court will not exclude life care or future care opinions on this basis.

Finally, Defendants argue that allowing supplementation at this stage in litigation would require reopening fact discovery; issuing subpoenas; obtaining, reviewing, and summarizing new medical records; taking deposition of newly disclosed treating providers; reopening depositions of at least three of Plaintiffs' retained experts; and providing all new medical records and depositions to their experts to obtain updated reports.[19] Per the Fifth Amended Scheduling Order, fact discovery closed on October 4, 2024 and expert discovery closed May 23, 2025.[20] Plaintiff served her second supplemental disclosures on April 20, 2025 which included the disclosure of three facilities, fourteen additional treating providers, and an updated economic report.[21] Plaintiff served her third supplemental disclosures on May 23, 2025, which included four new facilities, five additional treating providers, additional medical bills, and an updated life care plan that reflected the new information.[22] On June 3, 2025, Plaintiff served her fourth supplemental disclosures which included a third version of the economic report, reflecting the updated life care plan.[23] Defendants issued a Notice of Intent to Subpoena Records for all newly disclosed

---

[18] Docket No. 195, at 7.

[19] Docket No. 206, at 7–8.

[20] Docket No. 177.

[21] Docket No. 206, at 4.

[22] *Id.* at 4–5.

[23] *Id.* at 5.

providers and indicated in their Motion to Supplement that they were working to identify additional providers who may have treated D.P.[24]

Based on this information, the Court does not find a basis to reopen fact discovery. Furthermore, the Court will decline to reopen expert discovery. First, the majority of the newly disclosed providers were disclosed at least a month prior to the close of expert discovery, and neither party moved to extend expert discovery to conduct any additional depositions. Additionally, a significant amount of time has passed since the disclosures were made. Defendants have not updated the Court as to whether they have since received and reviewed the updated medical records. If Defendants wish to make a specific and tailored request to reopen expert discovery based upon the records, they may motion for such. However, it is foreseeable, that based on the nature of this case Plaintiff will continue to provide updated medical records with additional medical providers reflecting the normal course of D.P.'s continued care. The Court will not reopen expert or fact discovery based on this reason alone.

Based on the foregoing, the Court will grant the Motion to Supplement the Record in part and deny it in part. The Court will deny the Motion to Exclude Expert Opinions Re: Future Care. Going forward, the Court cautions Plaintiff to promptly obtain and provide any supplemental disclosures to Defendants.

---

[24] *Id.*

B. Causation Opinions

Defendants move to exclude Plaintiff's expert, Dr. Pachtman's causation opinions as unreliable because they are not based on sufficient facts or data.[25] Defendants argue that the opinions are unreliable under *Daubert*[26] and *Kumho Tire*.[27]

Federal Rule of Evidence 702 allows an expert to testify if the proponent has demonstrated by a preponderance of the evidence that:

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.[28]

Although the standard under Rule 702 is "liberal . . . regarding expert qualifications,"[29] "[t]he proponent of expert testimony bears the burden of showing that the testimony is admissible."[30] "Rule 702 imposes upon the trial judge an important 'gate-keeping' function with regard to the admissibility of expert opinions."[31] This involves a two-step analysis.[32] The district court "must first determine whether the expert is qualified 'by knowledge, skill, experience,

---

[25] Docket No. 196, at 1.

[26] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[27] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

[28] Fed. R. Evid. 702.

[29] *Fowers Fruit Ranch, LLC v. Bio Tech Nutrients, LLC*, No. 2:11-CV-105-TC, 2015 WL 2201715, at *1 (D. Utah May 11, 2015) (quoting *United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995)).

[30] *Id.* (quoting *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013)).

[31] *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1307 (10th Cir. 2015) (quoting *Ralston v. Smith & Nephew Richards Inc.*, 275 F.3d 965, 969 (10th Cir. 2001)); *see generally Daubert*, 509 U.S. 579.

[32] *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc).

training, or education' to render an opinion."[33] "Preliminary questions concerning the qualification of a person to be a witness . . . should be established by a preponderance of proof."[34] Second, "the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth is *Daubert*."[35] "This gatekeeper function requires the judge to assess the reasoning and methodology underlying the expert's opinions, and determine whether it is both scientifically valid and applicable to the particular set of facts."[36]

Defendants assert that Dr. Pachtman's causation opinions are unreliable because she offers a cause as to D.P.'s cerebral palsy when she has not reviewed the necessary records and relies improperly on a summary drafted by counsel.[37] Defendants argue that Dr. Pachtman is unqualified to diagnose cerebral palsy and would only be qualified to identify the prenatal risk factors and, because she cannot diagnose it, she must rely on the opinion of D.P.'s treating provider who made the diagnosis.

Plaintiff's Response states that Dr. Pachtman was retained as an expert to testify regarding the applicable standard of care and breach.[38] Plaintiff does not otherwise address Dr. Pachtman's qualifications or reliability. As a proponent of Dr. Pachtman, Plaintiff bears the burden of showing the testimony is admissible.[39] Because Plaintiff has not even attempted to do

---

[33] *Id.* (quoting Fed. R. Evid. 702).

[34] *Daubert*, 509 U.S. at 592 n.10.

[35] *Nacchio*, 555 F.3d at 1241 (citing *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006)).

[36] *Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1079 (10th Cir. 2006) (internal quotation marks and citation omitted).

[37] Docket No. 196, at 4.

[38] Docket No. 199, at 2; Docket No. 182, at 2 (designating Dr. Pachtman as a retained expert who will testify regarding the standard of care).

[39] *Nacchio*, 555 F.3d at 1241.

so and does not appear to be relying on Dr. Pachtman as an expert as to causation, the Court will grant the Motion and exclude Dr. Pachtman's causation opinion.

The majority of Plaintiff's Response argues that "there is no requirement that a single expert provide testimony on every element of a medical malpractice claim"[40] and that she has identified twenty non-retained experts expected to offer testimony on causation based on their treatment of D.P. and observations of his medical condition and progression.[41] Defendants argue that Plaintiff cannot establish causation through non-retained experts because she did not properly designate them.[42] The Court declines to make a ruling as to this issue as the Motion only seeks to exclude Dr. Pachtman's causation opinion.

---

[40] Docket No. 199, at 3.

[41] *Id.* at 4.

[42] Docket No. 204, at 2.

## III. CONCLUSION

It is therefore

ORDERED that Defendants' Joint Motion to Exclude Expert Opinions Re: Future Care (Docket No. 195) is DENIED; It is further

ORDERED that Defendants' Joint Motion to Supplement the Record on the Motion to Exclude Expert Opinions Re: Future Care and for Further Relief (Docket No. 206) is GRANTED IN PART AND DENIED IN PART; It if further

ORDERED that Defendants' Joint Motion to Exclude Unreliable Causation Opinions (Docket No. 196) is GRANTED.

DATED March 25, 2026.

BY THE COURT:

_____

TED STEWART
United States District Judge

11