IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SARA PARADA, individually and as parent/guardian acting for and on behalf of D.P., a minor child,<br><br>      Plaintiff,<br><br>v.<br><br>DAVID PENNINGTON, M.D. *et al.*,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO PERMIT LIMITED RULE 26(a)(2)(C) DISCLOSURES<br><br><br>Case No. 2:21-cv-00534-TS-JCB<br><br>District Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

This matter comes before the Court on Plaintiff's Motion to Permit Limited Rule 26(a)(2)(C) Disclosures.[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff sues Defendants for negligence related to the medical care and treatment she received during her pregnancy, alleging that it resulted in her child, D.P., suffering a brain injury with global developmental delays and cerebral palsy. Post-summary judgment, the remaining Defendants are Dr. David Pennington, M.D. and Pennington Medical Center PLLC. The Court recently ruled on motions concerning Plaintiff's experts. Relevant here, the Court permitted Plaintiff's supplemental disclosures regarding updated treating providers, medical expenses, and treating facilities, and excluded causation opinions of Plaintiff's retained expert, Dr. Sarah Pachtman.[2]

---

[1] Docket No. 216.

[2] Docket No. 214.

Now, Plaintiff seeks to serve limited supplemental expert disclosures for previously disclosed treating physicians, Dr. Sean J. Henderson, Dr. Clint R. Nelson, Dr. Carey A. Wilson, and Dr. Kavya I. Rao. Specifically, Plaintiff seeks to supplement the summary of facts and opinions of the providers to include causation opinions.[3]

## II. ANALYSIS

Plaintiff moves pursuant to Federal Rules of Civil Procedure 16(b)(4), 26(a)(2)(C), and 37(c)(1) to allow service of her supplemental expert disclosures for previously disclosed treating physicians.

Rule 16(b)(4) permits modifying a scheduling order for good cause. The Court does not find it necessary to modify the scheduling order based on Plaintiff's Motion.

Pursuant to Rule 26(a)(2)(C), a non-retained expert is not required to provide a written report but disclosures of such witnesses must state: (1) "the subject matter on which the witness is expected to present evidence . . ."[4] and (2) "a summary of the facts and opinions to which the witness is expected to testify."[5] Rule 26(e)(1) requires

> a party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other part[y] during the discovery process or in writing.

Plaintiff argues that after the Court's previous ruling on causation, she acted promptly to ensure compliance with Rule 26(a)(2)(C). Defendants argue that the disclosures are not timely because the information has been available for years.

---

[3] Docket No. 216-1.

[4] Fed. R. Civ. P. 26(a)(2)(C)(i).

[5] Fed. R. Civ. P. 26(a)(2)(C)(ii).

Plaintiff previously argued in her briefing regarding Dr. Pachtman's causation opinion that her non-retained experts were expected to offer testimony of causation based on their treatment of D.P. and observations of his medical condition and progression.[6] Defendants argued that Plaintiff could not establish causation through those experts because she did not properly designate them.[7] These arguments were made in April and May 2025. Plaintiff did not file this Motion until April 2026. The Court finds that this disclosure is therefore untimely, as Plaintiff waited for at least year to file the Motion to supplement after asserting that its unretained experts would provide causation opinions.

Federal Rule of Civil Procedure Rule 37(c) states

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose."[8] The Tenth Circuit has provided the following factors to "guide [the court's] discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[9]

Turning to the first factor, Defendants argue that allowing Plaintiff to supplement her expert disclosures is unfairly prejudicial because they will not be able to speak with the treating

---

[6] Docket No. 199, at 4.

[7] Docket No. 204, at 2.

[8] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[9] *Id.*

providers since discovery is closed and therefore they will not know their opinions prior to trial. Defendants argue that these are new opinions because the prior designations do not identify the expected testimony regarding causation.

Plaintiff asserts that the proposed "supplementation does not add new experts or new subject matter, but merely clarifies the scope of opinions arising from treatment . . . already documented in the record."[10] Plaintiff also assures the Court that it will cooperate in facilitating reasonable access to these witnesses.

The Court finds that the supplemental disclosures will not surprise Defendants, especially considering Plaintiff's arguments in the previous motions. The Court also finds that Defendants will not be prejudiced by these disclosures. The medical records have not been made available to the Court, however, Defendants do not argue that these facts and opinions were not documented in the records that were provided during the initial disclosures. As such, the Court finds that Defendants were previously aware of these facts and opinions, although they were not formally noticed, prior to this Motion.

Furthermore, the prejudice that Defendants assert is that they will not be able to speak with the providers prior to trial. Plaintiff states that she will help facilitate access to these experts. The Court finds that Plaintiff therefore has the ability to cure any prejudice. The Court finds that neither the first nor second factors weigh in favor of exclusion.

Turning to the third factor, the Court finds that permitting these supplemental disclosures will not disrupt the trial. The trial was recently rescheduled by stipulation of the parties to begin on January 25, 2027, approximately eight months from now. Accordingly, this factor weighs against exclusion.

---

[10] Docket No. 216, at 6.

Finally, Defendants do not assert that Plaintiff is acting in bad faith or willfully by supplementing these disclosures. Accordingly, the Court finds that this factor weighs against exclusion.

Based on consideration of the *Woodworker* factors, the Court finds that Plaintiff's failure to previously disclose the information in the supplemental disclosures was substantially justified or harmless and accordingly will permit Plaintiff to make the supplemental disclosures. If Plaintiff does not help facilitate Defendants' access to the treating providers named in the disclosures, the Court expects Defendants to notify the Court promptly.

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Permit Limited Rule 26(a)(2)(C) Disclosures (Docket No. 216) is GRANTED.

DATED May 19, 2026.

BY THE COURT:

_____

TED STEWART
United States District Judge